The Peck Brothers & Company, Appellant, v. L. F. Bannon Plumbing, Heating and Contracting Company, Respondent.

Third Department, May 8, 1918.

Sale — action to recover contract price of goods sold — acceptance of goods by buyer — order to forward with bill of lading attached — erroneous dismissal of complaint for alleged delay in shipment — dispute of parties as to amount due.

Where in an action to recover the contract price of goods sold to defendant it appears that after some delay in shipment because of past due accounts owed by the defendant the plaintiff offered to allow a five per cent discount if the defendant would accept the goods on sight draft and thereafter defendant wrote to the plaintiff, " Please forward at once with bill of lading attached," it was error to dismiss the complaint upon the ground that the plaintiff unreasonably delayed shipment where there was only a delay of eighteen days during which time the parties were in controversy over a small credit claimed by the defendant and which had to be cleared up in order that the plaintiff might know what figures to insert in the sight draft which was to accompany the bill of lading.

Evidence examined, and held, that the reason for the defendant's attempt to cancel the contract was not because of delay in shipment but because of the refusal of an architect to accept the goods for the construction of a building which the defendant was constructing under his supervision.

Appeal by the plaintiff, The Peck Brothers & Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Ulster on the 9th day of April, 1917, dismissing the complaint upon the decision of the court, both sides having moved for the direction of a verdict at the close of the case.

Foody & Dey [Bartholomew Foody, Jr. of counsel], for the appellant.

Walter N. Gill, for the respondent.

H. T. Kellogg, J.:

The plaintiff brought this action to recover the contract price of certain plumbing fixtures and material sold to this defendant. Prices were submitted by the plaintiff on the 28th day of July, 1914. On December 31, 1914, the defendant, having already received a number of fixtures from the plaintiff

gave an order for the balance thereof, and stated: " If all
fixtures are not ready you can send us the fixtures for the
basement floor first." On January 26, 1915, defendant
asked for advises by return mail as to date of shipment. On
January 27, 1915, plaintiff suggested that it would like to
have a guaranty on the account, or would make a liberal
discount if defendant would accept the goods on sight draft
with bill of lading attached. On February first the plaintiff
wrote informing defendant that a certain account had with
it was past due, and asking for a remittance. On February
third the defendant inquired what discount for cash the
plaintiff would give. On February fourth plaintiff again
wrote concerning the past due account. On February sixth
plaintiff wrote that if the defendant would accept the goods
on sight draft it would allow five per cent discount. On
February eighth defendant wrote asking plaintiff to omit
certain items from the shipments. On February twelfth
defendant wrote asking if the plaintiff had not made a mistake
in allowing a credit of sixty-eight cents each for floor drains
when the defendant was obliged to pay six dollars and fifty
cents therefor. On February twentieth the defendant wrote
plaintiff again in reference to floor drains, and stated in
reference to the order: " Please forward at once, with bill
of lading attached." This would seem to have been an
acceptance of the offer of a discount for cash made by the
plaintiff, for " bill of lading attached " can mean nothing
else than bill of lading attached to sight draft. In this letter
for the first time the defendant indicates that its need of
the shipment is immediate. Letters of February twenty-
fourth, March second, March third, March fifth and March
eighth interchanged between the parties refer exclusively to
the very small difference between them in relation to the
credit for floor drains. On March 11, 1915, defendant wrote
the plaintiff canceling the order for fixtures, and has ever
since refused to accept same. We think the trial judge was
in error in dismissing the complaint on the ground that the
plaintiff unreasonably delayed shipment. The parties did not
come to terms on the matter of credits until February twentieth,
when the defendant agreed to accept the shipment on sight
draft with bill of lading attached. Only eighteen days elapsed

thereafter before the letter of cancellation, during which time the parties were in controversy over the amount of a credit which would affect the amount of plaintiff's account. It was necessary that this be cleared up in order that the plaintiff might know what figures to insert in the sight draft which was to go along with the bill of lading. There is nothing to indicate unreadiness or unwillingness on the part of the plaintiff to make shipment. Moreover, it is quite apparent that the reason for cancellation was not delay in shipment but the refusal of an architect to accept the fixtures of the plaintiff in the building which the defendant was constructing under his supervision. We think that there was no unreasonable delay on the part of the plaintiff, and that the complaint should not have been dismissed.

The judgment should be reversed.

All concurred.

Judgment reversed, on law and facts, and new trial granted, with cost to appellant to abide event. The court disapproves of the first, third, fourth, fifth and sixth findings of fact.